The petitioner claims to be unjustly imprisoned and seeks release through a writ of habeas corpus.
The application for the writ shows that in February, 1928, an information was filed charging that in the county of Morton, between November 1, 1927 and January 24, 1928 the petitioner, as defendant, kept and maintained a common nuisance as a second offense. This information sets forth the necessary elements to charge such an offense and amplifies the same by setting forth the language of the information filed against the defendant for the first offense, and shows the first offense was committed on or about July 16, 1927, that the defendant had pleaded guilty to such charge on or about August 30, 1927, and had been duly sentenced by the district court. The application for the writ further shows that on Feb. 6, 1928 the petitioner, as defendant, appeared in the district court of Morton county and was arraigned on this information charging him with keeping and maintaining a common nuisance as a second offense; that he entered his plea of guilty to the *Page 784 
crime charged in the information; that on March 6, 1928 he was sentenced to serve a term of one year in the penitentiary; and that he was thereupon duly committed to the custody of the warden, in whose custody he now is.
It is the contention of petitioner that under the provisions of chapter 268 of the Session Laws of 1923 keeping and maintaining a common nuisance as a second offense ceased to be a felony, and was reduced to a common misdemeanor. He admits that under the provisions of § 10,117 of the Comp. Laws of 1913 the keeping and maintaining of a common nuisance as a second offense was made a felony, but he argues this statute was superseded by § 5 of chapter 97 of the Session Laws of 1921. He then contends that this 1921 law has been so amended and modified by chapter 268 of the Session Laws of 1923 as to expressly exclude the crime described in § 5 of chapter 97 of the Session Laws of 1921, from the definition of "second offense," that after the passage of the 1923 law the keeping and maintaining of a common nuisance ceased to be a felony under any condition, that when the defendant entered his plea of guilty of the crime of keeping and maintaining a common nuisance as a second offense it was immaterial whether it was a first offense or a tenth offense, that the only punishment which can be inflicted is imprisonment in the county jail, and that when the court sentenced the defendant to serve a term in the penitentiary he exceeded his jurisdiction, and was laboring under the false impression that the old penalty was still in existence.
We cannot agree with this contention. Without discussing whether the provisions of § 10,117 of the Comp. Laws of 1913 are superseded by the 1921 law, and confining ourselves to the construction of § 5 of this law and the effect of the 1923 law, we are satisfied the court had jurisdiction to sentence the defendant to a term in the penitentiary. An examination of chapter 97 of the Session Laws of 1921 shows it has fifteen sections and § 5 clearly and explicitly defines what constitutes keeping and maintaining a common nuisance and provides for imprisonment in the penitentiary for a second offense. Section 13 of the same law undertakes to define the term "second offense," but says the "phrase `second offense'" (as defined in this § 13) "shall not apply to §§ 5, 6, 10, and 11 of this act." In other words § 5 of the act is complete in itself, so far as punishment for a second offense is *Page 785 
concerned, and keeping and maintaining a common nuisance as a second offense is punishable by imprisonment in the state penitentiary, unless the 1923 law affects it.
Chapter 268 of the Session Laws of 1923 amends and re-enacts §§ 1, 2, 9, and 13 of the 1921 law and no more. It is confined to this by its title. It does not pretend to affect § 5 of that law in any way. It is not a substitute for the 1921 law. It is an amendatory act complete in five sections. Section 4 of the 1923 law undertakes to amend § 13 of the 1921 Act, and does amend and re-enact it by quoting its language with some changes. This § 4 of the 1923 law contains the express statement that "the phrase `second offense'" set forth therein "shall not apply to §§ 5, 6, 10 and 11 of this act." As there are only five sections in the act of 1923 it is clear it must be referring to the 1921 act, for § 5 of the 1923 act is confined to declaring the law an emergency measure. Therefore when it says "shall not apply to §§ 5, 6, 10 and 11 of this act," it means the act of 1921 which the law seeks to amend. It cannot refer to sections of the 1923 act for if it did it would still leave § 5 of the 1921 law untouched. Hence, whether we take the definition of "second offense" as given in § 13 of the 1921 act or the definition given in § 4 of the 1923 act which amends § 13 of the 1921 act, it is clear the 1923 law does not in any way change the provisions of § 5 of the 1921 act. This portion of the 1921 act has not been amended, nor superseded, nor repealed. It still stands. The information was evidently drawn under the provisions of § 5 of the 1921 act. The defendant pleaded guilty and was duly sentenced. The court did not exceed its authority. It had power to sentence the defendant to the penitentiary for the term specified and so the writ prayed for is denied.
NUESSLE, Ch. J., and BURKE, BIRDZELL, and CHRISTIANSON, JJ., concur. *Page 786